**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos LOZANO–HERRERA,**
**Defendant–Appellant.**

**No. 04–40972.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Carlos Lozano–Herrera ("Lozano") pleaded guilty to one count of being found in the United States without having obtained permission to re-enter after deportation and was sentenced to 46 months of imprisonment. Lozano argues, for the first time on appeal, that 8 U .S.C. § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Loza-

---

no's argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000).

Also for the first time on appeal, Lozano, relying on the possibility that *Almendarez–Torres* will be overruled, as well as on *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), argues that the federal sentencing guidelines are unconstitutional because they permit the enhancement of a sentence based on prior convictions. Lozano's argument fails because *Almendarez–Torres* has not been overruled and because the enhancement of a sentence based on prior convictions does not violate the Sixth Amendment. *See United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005).

The judgment of the district court is AFFIRMED.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be